John P. Byrne Director Division of Disaster Emergency Services Department of Military Affairs Camp George West Golden, CO 80401
Dear Mr. Byrne:
This is in response to your request for an opinion regarding the authority of the Colorado State Patrol under C.R.S. 1973,29-22-102(1) (Supp. 1982) in the event of a hazardous material incident involving traffic or highways.
QUESTIONS PRESENTED AND CONCLUSIONS
Your inquiry raises two questions:
1. What is the nature and extent of the authority of the Colorado State Patrol under C.R.S. 1973, 29-22-102(1) (Supp. 1982) for hazardous material incidents which involve traffic or highways?
 The Colorado State Patrol has authority to direct, control and regulate traffic anywhere in the state as deemed necessary in the interest of public safety.
2. In the event of a hazardous material incident involving traffic or highways, does the Colorado State Patrol have authority to respond or does the designated response authority under C.R.S. 1973, 29-22-102 (Supp. 1982), have authority to respond?
 Both entities have authority to respond. The Colorado State Patrol has authority to respond and exercise the powers set forth in C.R.S. 1973, 43-5-113. The designated response authority has authority to respond and undertake the "emergency response" as defined in C.R.S. 1973, 29-22-102(1) (Supp. 1982).
ANALYSIS
In 1980, the legislature enacted several statutes concerning actions to be taken in the event of a hazardous material incident. C.R.S. 1973, 29-22-101 et seq. (Supp. 1982). In part, these statutes address the designation of emergency response authorities. An "emergency response authority" is responsible for the "emergency response" to a hazardous material incident occurring within its jurisdiction. An "emergency response" to a hazardous material incident means "taking the initial emergency action necessary to minimize the effects of a hazardous material incident and exercising continuing supervisory authority over all further efforts to eliminate the threat of immediate and irreparable harm to the environment or the public health and safety." 29-22-102(1).
Certain entities are designated by statute as emergency response authorities depending upon the location of the occurrence of a hazardous material incident. If the hazardous material incident occurs within the corporate limits of a town, city, or city and county, then the emergency response authority is the entity designated by the governing body of said town, city or city and county. 29-22-102(3). If the hazardous material incident occurs in an unincorporated area of a county and within a fire protection district, then the emergency response authority is the fire department of such fire protection district.29-22-102(4)(a). If the hazardous material incident occurs in an unincorporated area of a county but outside a fire protection district, then the emergency response authority is the sheriff.29-22-102(4)(b). If the hazardous material incident occurs on private property, then the emergency response authority is either the owner or operator thereof or, in the event that the owner or operator chooses not to undertake the emergency response, the appropriate jurisdictional emergency response authority.
The authority of the Colorado State Patrol in this statutory scheme is set forth in the last sentence of 29-22-102(1) which states in pertinent part: "Nothing contained in this section shall impair the authority of the Colorado State Patrol under section 43-5-113, C.R.S. 1973." Your request for an opinion involves an interpretation of this language.
1. The authority of the Colorado State Patrol underC.R.S. 1973, 29-22-102(1) (Supp. 1982).
Pursuant to 29-22-102(1), the powers of the Colorado State Patrol under 43-5-113 remain unimpaired in the event of a hazardous material incident. Under 43-5-113 the Colorado State Patrol is granted all powers of peace officers to make arrests; serve process; stop and inspect vehicles for various purposes; investigate traffic accidents and certain types of theft; enforce laws relating to grounds and buildings owned by the state; and direct, control, and regulate traffic. These specific powers are derived from the general statutory mandate directing the Colorado State Patrol to promote safety, protect human life, and preserve the highways of the state. C.R.S. 1973, 43-5-103(2) (Supp. 1982).
It is significant that the power to direct, control and regulate traffic may be exercised anywhere in the state in the interest of public safety. C.R.S. 1973, 43-5-113(1)(f) states that the Colorado State Patrol has the power to:
 direct, control and regulate all traffic at any intersection or any portion of streets or highways or elsewhere in the State of Colorado, when it is deemed necessary in the interest of public safety and for the safe and speedy movement of persons and property.
(Emphasis added.) Pursuant to this broad statutory authority, the Colorado State Patrol has authority to direct, control and regulate traffic in the event of a hazardous material incident irrespective of the location of said incident when necessary in the interest of public safety.
3. Authority of the Colorado State Patrol and designatedresponse authorities.
In the event of a hazardous material incident involving traffic or highways which occurs within the jurisdiction of one of the response authorities specifically designated by C.R.S. 1973,29-22-102 (Supp. 1982), both the Colorado State Patrol and the designated response authority have power to respond. The Colorado State Patrol has authority to respond and exercise the powers set forth in C.R.S. 1973, 43-5-113. The designated response authority has authority to respond and undertake the "emergency response" as defined in 29-22-102(1).
Under the rules of statutory construction, it is presumed that the entire statute is intended to be effective, that a just and reasonable result is intended, and that a result feasible of execution is intended. C.R.S. 1973, 2-4-201(1)(b), (c) and (d). The application of these rules of statutory construction leads to the above-stated conclusion.
In order for all provisions of C.R.S. 1973, 29-22-102 (Supp. 1982), to be effective, the last sentence of 29-22-102(1) which preserves the authority of the Colorado State Patrol under 43-5-113 must be read in conjunction with the other subsections of 102 which describe the jurisdiction of each designated response authority. It is significant that the jurisdictional description does not contain an exception for hazardous material incidents involving traffic or highways. Rather, the statute provides for the exercise of authority by both the Colorado State Patrol and the designated response authority.
This result is just and reasonable, and feasible of execution as required by the above-stated rules of statutory construction. By concluding that both the Colorado State Patrol and designated response authorities have authority to respond in the event of a hazardous material incident involving traffic or highways, both entities are empowered to respond and provide assistance. The Colorado State Patrol is empowered to respond and provide assistance by directing, regulating and controlling traffic as deemed necessary in the interest of public safety. The designated emergency response authority is empowered to respond and provide assistance by undertaking the "emergency response" which consists of taking initial emergency action and exercising continuing supervision. Thereby the expertise and resources of both entities may be used to respond to a hazardous material incident.
SUMMARY
Pursuant to C.R.S. 1973, 29-22-102 (Supp. 1982), in the event of a hazardous material incident involving traffic or highways, the Colorado State Patrol has authority to direct, control and regulate traffic anywhere in the state as deemed necessary in the interest of public safety. The statutorily designated response authority also has power to respond by taking initial emergency action and exercising continuing supervisory authority.
Very truly yours,
 DUANE WOODARD Attorney General
SOLID AND HAZARDOUS WASTES JURISDICTION HIGHWAYS
C.R.S. 1973, 29-22-102(1) C.R.S. 1973, 43-5-113 C.R.S. 1973, 45-5-103
HIGHWAYS, DEPT. OF Colorado State Patrol
MILITARY AFFAIRS, DEPT. OF Disaster Emergency Svce Dv
In the event of a hazardous material incident involving traffic or highways, the Colorado State Patrol has primary response authority under C.R.S. 1973, 29-22-102(1) (Supp. 1982) which may be exercised anywhere within the state.